# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:02-cr-469-T-23TBM |
| vs. | USM NUMBER: 40776-018 |
| KENNETH MASTRILLI | Defendant's Attorney: Todd Foster, ret |

**THE DEFENDANT:**

__X__ was found guilty on counts ONE, TWO, and THREE of the Superseding Indictment after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States and to Commit Offenses Against the United States | July 1998 | ONE |
| 18 U.S.C. §§ 1001 and 2 | Making False Statements to the Social Security Administration | December 30, 1997 | TWO |
| 18 U.S.C. §§ 1001 and 2 | Making False Statements to the Social Security Administration | December 29, 1997 | THREE |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__ Counts ONE, TWO, and THREE of the underlying indictment are dismissed by the Court.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: May 23, 2005

_/s/ Steven D. Merryday_
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: May 31st, 2005

| | | |
|---|---|---|
| Defendant: | KENNETH MASTRILLI | Judgment - Page 2 of 5 |
| Case No.: | 8:02-cr-469-T-23TBM | |

## PROBATION

The defendant is hereby placed on probation for a term of THIRTY-SIX (36) MONTHS as to counts one, two, and three of the Superseding Indictment, all terms to run concurrently.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

__X__   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 9/00) Sheet 4C - Probation

Defendant: KENNETH MASTRILLI  Judgment - Page 3 of 5

Case No.: 8:02-cr-469-T-23TBM

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of probation:

X  The defendant shall participate in the Home Detention program for a period of __SIX (6) MONTHS__. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, with the exception of the electronic monitoring device.

| Defendant: | KENNETH MASTRILLI | Judgment - Page 4 of 5 |
|---|---|---|
| Case No.: | 8:02-cr-469-T-23TBM | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $300.00 | $20,000.00 | $22,801.00 |

— The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

— The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Social Security Administration<br>Debt Management Section<br>Attn: Court Refund - Deborah San Martin<br>P.O. Box 2861<br>Philadelphia, Pennsylvania 19122 | $ | $22,801.00 | |
| Totals: | $ | $22,801.00 | |

— Restitution amount ordered pursuant to plea agreement $ _____.

— The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

— The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  — the interest requirement is waived for the ___ fine ___ restitution.

  — the interest requirement for the ___ fine ___ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: KENNETH MASTRILLI | Judgment - Page 5 of 5 |
| Case No.: 8:02-cr-469-T-23TBM | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__   Special assessment to be paid in one lump sum payment of $ __300.00,__ due immediately;

B. __X__   Fine payment of $20,000.00, to be paid in one lump sum payment by close of business Friday, June 3, 2005;

C. __X__   Restitution payment of $22,801.00, to be paid in one lump sum payment within 30 days of the date of this judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__   Joint and Several

   Deborah San Martin (defendant no. 2); co-defendant; Case No. 8:02-cr-469-T23TBM; $22,801.00

_   The defendant shall pay the cost of prosecution.

_   The defendant shall pay the following court cost(s):

_   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.